IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MARVIN NORMAN, § | | |
| Plaintiff § | | |
| § | | |
| vs. § | 7:11-CV-023-O-KA | |
| § | | |
| § | | |
| COMMUNITY SUPERVISION AND § | | |
| CORRECTIONAL DEPT., § | | |
| Defendant § | | |

ORDER GRANTING IN FORMA PAUPERIS
AND MAKING RECOMMENDATION OF DISMISSAL

Pursuant to Order of Reference for Pretrial Management (Document No. 3), this case was referred by the District Court to the United State Magistrate Judge for pretrial management. Before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*, filed February 16, 2011 (Document No. 2). Pursuant to 28 U.S.C. §1915, the motion to proceed *in forma pauperis* is hereby **GRANTED**.

Pursuant to 28 U. S. C. § 1915 (e), I have reviewed Plaintiff's one paragraph Complaint to determine whether Plaintiff states a cause of action against a named (or referenced) defendant and/or whether the complaint is frivolous or malicious and/or seeks monetary relief against one who is immune from such relief.

The defendant named in the style of the case is "Community Supervision and

Corrections Department" (Department) which is a state governmental agency. Article 76.001 of the Texas Government Code authorizes the establishment of a "community supervision and corrections department" by a district judge of a judicial district within the judicial branch of the Texas state government. The Department and its functions are established under §42.14 of the Texas Code of Criminal Procedure enacted by the Texas Legislature.[1] The body of Plaintiff's Complaint references Fisher County which is in the 32nd Judicial District of the State of Texas. The Complaint likewise makes reference to one Mr. Gregg Cockrill, the alleged department director. Plaintiff complains that he lost his private sector job because of a condition of community service imposed upon him.

To the extent the Plaintiff seeks relief against the Department itself, the Department is absolutely immune from suit as a state governmental agency. *Will v. Michigan Dept. of State Police*, 491 U. S. 58 (1989); *Hawlett v. Rose*, 496 U. S. 356, 365 (1990); *Johnson v. Rodriguez*, 943 F. 2d 104,108 (1st Cir. 1991). To the extent Plaintiff seeks relief from Mr. Gregg Cockrill, the alleged director of the Department, it is clear from the context of the Complaint that Plaintiff seeks *retrospective monetary* relief and not *prospective* relief by

---

[1] *Sec. 1. Purpose.*
"It is the purpose of this article to place wholly within the state courts the responsibility for determining when the imposition of sentence in certain cases shall be suspended, **the conditions of community supervision, and the supervision of defendants placed on community supervision**, in consonance with the powers assigned to the judicial branch of this government by the Constitution of Texas....." (Emphasis supplied).

2

way of injunction, restraining order or declaratory judgment. To the extent he may be sued in his official capacity, Cockrill is entitled to absolute immunity because he is deemed not to be a "person" subject to suit under Section 1983. *Will*, supra. To the extent that Cockrill is sued in his individual capacity, while Cockrill is a "person" subject to suit under §1983 and is not immune under the Eleventh Amendment[2], he has quasi-judicial immunity since his functions [3] are to implement the judge's sentencing orders that establish conditions for community supervision.[4]

Absolute judicial immunity extends to all judicial acts that are not performed in the clear

---

[2] *Will*, supra; *Hafer v. Melo*, 502 U. S. 21 (1991).

[3] § 76.004. Department Director; Fiscal Officer (a) After complying with the requirements of Subsection (h), the judges described by Section 76.002 shall appoint a **department director** who must meet, at a minimum, the eligibility requirements for officers established under Section 76.005. (a-1) The department director shall perform or delegate the responsibility for performing the following duties: . . . . (b) The department director shall employ a sufficient number of officers and other employees to conduct presentence investigations, supervise and rehabilitate defendants placed on community supervision, **enforce the conditions of community supervision**, and staff community corrections facilities....(Emphasis supplied)

[4] Sec. 11. Basic Conditions of Community Supervision. (a) The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time during the period of community supervision, alter or modify the conditions. The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. Conditions of community supervision may include, but shall not be limited to, the conditions that the defendant shall:...(10) Participate, for a time specified by the judge, in any community-based program, including a community-service work program under Section 16 of this article...."

3

absence of all jurisdiction. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985), cert. denied, 474 U.S. 1101, 88 L. Ed. 2d 918, 106 S. Ct. 883 (1986); *Brandley v. Keeshan*, 64 F. 3d 196 (5th Cir. 1995) *cert. denied* 516 U. S. 1129 (1996); *Malina v. Gonzales*, 994 F. 2d 1121 (5th Cir. 1993)( *sentencing is a judicial function*). The law affords quasi-judicial immunity to officials who, although not judicial officers, act under the command of a court decree or explicit instruction from a judge. *Mays v. Sudderth*, 97 F. 3d 107, 108 (5th Cir. 1996). Accordingly, I find that each of the named or referenced defendants about whom the Plaintiff complains are immune from suit. I further find that under §§ (e) (ii) of 28 U.S.C. §1915, Plaintiff has failed to state a claim on which relief may be granted and under §§ (e) (iii) Plaintiff seeks monetary relief against defendants who are immune from such relief. Therefore, I recommend that Plaintiff's Complaint be dismissed without prejudice to the Plaintiff filing within 30 days a Motion to Reopen accompanied by an amended complaint that adequately articulates a cause of action cognizable by this court seeking specified relief against a person that is not immune from suit or liability. But after thirty (30) days, the Plaintiff should be required to file a new suit.

The Clerk of the Court shall transmit a copy of this order to the Plaintiff.

SIGNED this 3rd of March, 2011.

                                                                                                                                  Robert K. Roach
                                                                                                                                  UNITED STATES MAGISTRATE JUDGE

## Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).