IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MARVIN NORMAN, § | | |
| Plaintiff § | | |
| § | | |
| vs. § | 7:11-CV-023-O-KA | |
| § | | |
| § | | |
| COMMUNITY SUPERVISION AND § | | |
| CORRECTIONAL DEPT., § | | |
| Defendant § | | |

_____

ORDER DENYING APPOINTMENT OF COUNSEL AND
RECOMMENDING DENIAL OF MOTION TO REOPEN

On March 21, 2011 the District Court adopted the findings and recommendations of the magistrate judge and dismissed Plaintiff's Complaint without prejudice.[1] Whereupon Plaintiff filed his motions to reopen the case and to appoint counsel and tendered therewith an Amended Complaint.[2] The motions have been referred to the undersigned for hearing, if necessary, and determination or recommendation to the District Court.[3] I deem the Motion to Reopen to be a "dispositive motion" as to which a magistrate judge has only the capacity to make a recommendation to the District Court.

Having reviewed Plaintiff's Amended Complaint, I find that the most significant difference between the allegations of the Original Complaint and this Amended Complaint is that Plaintiff now seeks "prospective relief by way of injunction and restraining order" so that "his, probation, court cost, fines, attorney fees, all can be waived." The balance of the Amended

---

[1] See Docket Nos. 5 and 6.

[2] Docket Nos. 7, 8 and 9.

[3] Docket No. 10.

Complaint reiterates the financial disaster that befell Norman when his employer fired him allegedly due to the probation office's alleged imposition of community service hours as a condition of Norman's state court sentence. Once again, Norman names only the Community Supervision & Corrections Dept. of Sweetwater, Texas (the Department) as a defendant.

To the extent the Plaintiff by this new Amended Complaint seeks relief (monetary, prospective, or injunctive) against the Department itself, the Department, as a state governmental agency, is absolutely immune from suit under the Eleventh Amendment to the Constitution of the United States and the §1983 civil rights jurisprudence established by the United State Supreme Court.. *Will v. Michigan Dept. of State Police*, 491 U. S. 58 (1989); *Hawlett v. Rose*, 496 U. S. 356, 365 (1990); *Johnson v. Rodriguez*, 943 F. 2d 104,108 (1st Cir. 1991).

To the extent that the Plaintiff by his new Amended Complaint seeks prospective relief by way of injunction or restraining order against Gregg Cockrill[4], the Director of the Department, in his individual capacity, the application of the Absolute Immunity afforded to judicial officers by prior court precedents, or only Qualified Immunity, depends upon the nature of the function performed by the officer against whom relief is sought.[5] Parole and probation officers who carry out functions that are adjudicatory in nature, or that have an integral relationship to judicial decision making, are protected by absolute quasi-judicial immunity.

---

[4] The only person designated by Plaintiff by name or position other than the Department itself. To the extent that he is named in his **official capacity**, he is absolutely immune from suit since the courts deem his official capacity to be tantamount to suit against the state itself that is prohibited under the Eleventh Amendment. Hafer v. Melo, 502 U. S. 21, 112 S. Ct. 358, 116 L. Ed. 2d 301(1991).

[5] Mitchell v. Forsyth, 472 U.S. 511, 86 L. Ed. 2d 411, 105 S. Ct. 2806 (1985); Harlow v. Fitzgerald, 457 U.S. 800, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982); Stewart v. Lattanzi, 832 F. 2d 12 (2nd Cir. 1987). *See also*, Scotto v. Almenas, 143 F.3d 105 (2d Cir. 1998); Anton v. Getty, 78 F.3d 393 (8th Cir. 1996); Jones v. Moore, 986 F.2d 251 (8th Cir. 1993); Russ v. Uppah, 972 F.2d 300 (10th Cir. 1992).

Federal courts have applied this form of immunity from suit to quasi-judicial determinations by parole officers such as imposing parole conditions.[6] On the other hand, parole and probation officers who engage in or carry out essentially law enforcement functions are entitled only to qualified immunity.

As articulated in the prior order and recommendation by the magistrate judge, the Texas statutes and rules that define the role of the Community Service & Corrections Department reflect that the state judge is the named official who imposes a term of "community service" as a portion of a sentence in a criminal case.[7] It is the judge himself that sets the number of hours of community service, not the Department or its personnel. Thus I find that the Department itself through its personnel, including its Director, in informing the defendant or others as to the number of hours of community service imposed by the judge, act as an integral part of the judicial decision making process, and in the exercise of that function are entitled to absolute immunity from suit.

Plaintiff has wholly failed to allege any action or function undertaken by any person in

---

[6] *See* Anderson v. Boyd, 714 F.2d 906 (6th Cir. 1983) which involved the imposition of conditions of parole; Bennett v. Batchik, 743 F. Supp. 1245 (E.D. Mich. 1990), aff'd 936 F.2d 572 (6th Cir. 1991) where a probation officer's demand that a criminal defendant comply with a sentencing order, by paying the fine and other fees imposed, was protected by absolute immunity.

[7] §42.14 Texas Code of Criminal Procedure. Subsection 11. "Basic Conditions of Community Supervision. (a) **The judge** of the court having jurisdiction of the case **shall determine the conditions of community supervision** and may, at any time during the period of community supervision, alter or modify the conditions. The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant. Conditions of community supervision may include, but shall not be limited to, the conditions that the defendant shall:...(10) Participate, **for a time specified by the judge**, in any community-based program, including a community-service work program under Section 16 of this article...."(Emphasis supplied).

the Department or otherwise, in their individual capacities, who did anything adverse to Plaintiff or his pecuniary or monetary interest.

With respect to Plaintiff's request for appointment of an attorney, There is no statutory mandate to appoint an attorney for a *pro se* litigant in a civil case. Such an appointment in a civil rights case is discretionary with the court. *Ulmer v. Chancellor*, 691 F. 2d 209 (5th Cir. 1982). There is no statutory fund provided for the payment of appointed counsel. Consideration of the potential merit of the plaintiff's claims is one of the factors for the court to consider in determining whether to exercise such discretion in favor of the appointment. *Cooper v. Sheriff, Lubbock County*, 292 F. 2d 1078,1084 (5th Cir. 1991). Since Plaintiff's prospects of recovery are nil, this Court should exercise its discretion to deny appointment of counsel since it is unlikely such counsel will able to afford any help to Petitioner. I recommend that Plaintiff's Motion for Appointment of Counsel be denied.

Now, having availed himself of the opportunity afforded by the District Court to refine his allegations, Plaintiff again wholly fails to articulate a claim cognizable by this Court. Accordingly, I recommend to the District Court that the Court Deny Plaintiff's Motion to Reopen.

It is so ORDERED, this 23rd day of March, 2011.

                                                                Robert K. Roach
                                                                UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).